Nathan K. Low (SBN 299587)
E-Mail: nlow@fisherphillips.com
Rosa Hernandez (SBN 344648)
E-Mail: rhernandez@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
VOCO AMERICA INC. and
LEIF EBERT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY COOK, an individual, | Case No.: |
| Plaintiff, | (Removed from El Dorado County Superior Court, Case No. 25CV2336) |
| v. | **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |
| VOCO AMERICA INC., a corporation; LEIF EBERT, an individual; and DOES 1 through 10 inclusive, | |
| Defendants. | **[DIVERSITY JURISDICTION]** |
| | Complaint Filed:  September 8, 2025 |
| | Trial Date:  Not Set |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants VOCO America Inc. ("VOCO") and Leif Ebert ("Ebert") (collectively "Defendants"), hereby remove the state action, Case No. 25CV2336, from the Superior Court of the State of California, County of El Dorado, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice is based upon the original jurisdiction of the United States District Court over the parties under 25 U.S.C. § 1332, based upon diversity of citizenship. Defendants' removal is based upon the following grounds:

**JURISDICTION [LOCAL RULE 204]**

1. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount of controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of the requirements of 1332 for removal and is timely and properly removed by the filing of this Notice. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391(b)(2), and 1446.

**PLEADINGS, PROCESS, AND ORDERS**

2. This lawsuit arises out of Plaintiff Brittney Cook ("Plaintiff") alleged employment with Defendant VOCO AMERICA INC. On September 8, 2025, Plaintiff filed an action against Defendants entitled *BRITTNEY COOK v. VOCO AMERICA INC.,* and Leif Ebert, in the El Dorado County Superior Court, Case No. 25CV2336 ("Complaint" or "State Court Action"). The Complaint asserts four causes of action for: (1) Harassment in violation of the Fair Employment and Housing Act ("FEHA"), (2) Discrimination on the basis of sex in violation of FEHA, (3) Labor Code Section 1102.5 Retaliation, and (4) Wrongful Termination in Violation of Public Policy (*See* Declaration of Nathan Low ("Low Decl."), at ¶ 3, Exhibit 1, Complaint).

3. The Complaint was served on Defendants' counsel via notice and acknowledgement of receipt on November 3, 2025, along with copies of the Summons; Civil Case Cover Sheet; Notice

1

FP 60253358.3

of Case Assignment and Case Management Conference; and Alternative Dispute Resolution Information Package. (Low Decl. at ¶ 3, Exhibit 1).

4. Defendants have not filed a responsive pleading as of the date of the filing of this Notice of Removal.

5. As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter. Because no other defendant has been served, they need not join or consent to Defendants' Notice of Removal. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (Named defendants not yet served in state court action need not join the notice of removal).

**TIMELINESS OF REMOVAL**

6. The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). Plaintiff electronically served the Summons and Complaint on Defendants' counsel on November 3, 2025, enclosing Notices and Acknowledgments of Receipt. (Low Decl. at ¶¶ 2-3). Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants' counsel was effectively served with the Summons and Complaint upon the November 3, 2025, execution and return of the Acknowledgments of Receipt and within one year after commencement of this action.

**DIVERSITY JURISDICTION**

7. Section 1332(a) provides, in relevant part, as follows:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States[.]"

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2

FP 60253358.3

8.    **Plaintiff's Citizenship.** For diversity purposes, a natural person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Adams v. W. Marine Prod. Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (*Citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001)). Residence constitutes prima facie evidence of domicile. *Adams*, *supra*, 958 F.3d at 1221 (9th Cir. 2020); *Mondragon v. Cap. One Auto Fin.* 736 F.3d 880, 886 (9th Cir. 2013). To that end, an existing domicile is presumed to continue. *Canesco v. Ford Motor Co.*, 570 F.Supp.3d 872, 886 (S.D. Cal. 2021) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed.") (*citing Mitchell v. U.S.*, 88 U.S. 350, 353 (1875).

9.    Plaintiff alleges that she is, and was at all relevant times, an individual residing in the State of California in the County of El Dorado, and is therefore a citizen of the State of California. (Complaint at ¶ 1). *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (Residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *See also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (Plaintiff's allegation of residency in state court complaint "[…]created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Adams, supra*, 958 F.3d at 1221 (9th Cir. 2020).

10.    **Defendant VOCO America Inc.'s Citizenship.** A corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1)(A)-(C). The United States Supreme Court has defined "principal place of business," as "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"). This will normally be where the corporation maintains its headquarters, if it is the actual center of direction, control, and coordination of the corporation's operations. *Id*.

11.    Defendant VOCO AMERICA INC., is (and was when the Complaint was filed) a

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3

citizen of the States of Delaware and South Carolina. Defendant is incorporated under the laws of the State of Delaware. (Declaration of Leif Ebert ("Ebert Decl.") at ¶¶ 3-4).

12.    Defendant VOCO AMERICA INC., maintains its headquarters in South Carolina. (Ebert Decl., at ¶ 5). Defendant, through its Chief Executive Officer and President, and its officers and directors direct the operations of Defendant from the corporate headquarters. (*Id.*)

13.    Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Defendant VOCO AMERICA INC., is a citizen of the States of Delaware and South Carolina. Likewise, Defendant is not now, nor at the time Plaintiff filed her Complaint, a citizen of the State of California. Defendant's officers and directors do not direct, control, and coordinate the operations of Defendant from California. (Ebert Decl., ¶¶ 5-6).

14.    **Defendant Leif Ebert's Citizenship.** A natural person is a "citizen" of the State in which he or she is domiciled. *Adams v. W. Marine Prod. Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Id; Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant Mr. Ebert, is a natural person and a citizen of North Carolina. (Ebert Decl., at ¶ 2). Mr. Ebert resides and intends to remain in North Carolina, thus, he is domiciled in North Carolina. (*Id.*)

15.    **Doe Defendants' Citizenship.** The Complaint also names as Defendants Does 1 through 50, inclusive ("Doe Defendants"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal. (*Id.*); 28 U.S.C. § 1441(b)(1).

16.    Plaintiff did not name any other defendants besides Defendant VOCO AMERICA INC., Leif Ebert, and the Doe Defendants.

17.    **Complete Diversity.** Because Plaintiff is a citizen of California, Defendant VOCO AMERICA INC., is a citizen of Delaware and South Carolina, and Mr. Ebert is a citizen of North Carolina, complete diversity of citizenship exists in this matter.

///

///

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3

**THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000.00 JURISDICTIONAL MINIMUM**

18.    U.S. District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001, 1001 (C.D. Cal. 2002).

19.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See Saulic v. Symantec Corp.*, 2007 WL 5074883, *5-6 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Assoc. Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (Amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (Removal appropriate notwithstanding plaintiff's failure to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that the plaintiff seeks in excess of $75,000. Evidence establishing the amount is required only if the plaintiff, or court, challenges the defendant's allegations. *See Dart, supra*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3

court.").

20.    In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (The amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*,  989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart Inc.*, 281 F.3d 837, 839-840, n.1 (9th Cir. 2002) (Citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)). Counsel's testimony itemizing the basis for a plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160-161 (6th Cir. 1993).

21.    The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) (citing *Galt G/S v. JSS Scandinavia*,  142 F.3d 1150, 1155-56 (9th Cir. 1998)). In a case alleging causes of action under the Fair Employment and Housing Act ("FEHA") such as this, the court may include compensatory damages, lost wages,  future wage loss, medical expenses, punitive damages, and attorney's fees in determining the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Reese v. Daikin Comfort Techs. Dist. Inc.,* 729 F. Supp. 3d 980, 989 (C.D. Cal. 2024).

a.    First, the Complaint and the Prayer for Relief contained therein reasonably demonstrate that the amount in controversy does, in fact, exceed $75,000. It is proper to presume that the plaintiff's complaint and prayer are an appropriate presentation of potential damages because the damages sought are against her forum-selection interests. *Campbell v. Vitran Exp Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012). Plaintiff is seeking lost substantial earnings, fringe benefits, in addition to actual, consequential and incidental financial losses, promotional opportunities, employment benefits, other economic damages, non-economic damages, prejudgment interest,

6

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

emotional distress damages, punitive damages, civil penalties, and attorneys fees, and costs of suit incurred. (Complaint, ¶¶ 38, 39, 40, 41, 63, 64, 72, 73, 74, Prayer for Relief ¶¶ (a)-(j)).  The amount in controversy includes all relief to which the plaintiff would be entitled if she prevails. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018) (Discussing FEHA permits an employee to recover both front and back pay therefore, district court can consider these in determining the amount in controversy). In cases such as this, future wages up to the expected date of trial are included in the amount in controversy. 888 F.3d at 414 (9th Cir. 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)."); *Reese v. Daikin Comfort Techs. Distrib. Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024) ("Where trial date is not yet set, courts have found that a year from the date of removal is a conservative estimate for front pay.") Assuming that trial in this matter occurs one year from removal, Plaintiff's lost wages consisting of front pay and back pay exceed the jurisdictional minimum. Plaintiff's front pay, exclusive of benefits, equals approximately $94,028.28.[1] In addition, Plaintiff's back pay between her alleged termination on June 30, 2025 (Complaint at ¶ 27) and removal in December 2025, (approximately 5 months) is an additional $ 39,183.45.

22.    Plaintiff seeks future lost wages of undefined duration.[2] Front pay awards in California frequently span a number of years. *See e.g.*, *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987); *Rabago-Alvarez v. Dart Indus. Inc.*, 55 Cal. App. 3d 91, 97-98 (1976).

23.    Second, Plaintiff also seeks emotional distress damages. (Complaint, ¶¶ 26, 29, 35, 41, 47) Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Reese, supra,* 729

---

[1]    This sum was calculated by multiplying Plaintiff's approximate monthly earnings $7,835.69), and multiplying that sum by 12 months.

[2] Plaintiff's complaint states her salary while employed with Defendant was $65,0000 annually exclusive of commissions (Complaint at ¶ 14.) However, Exhibit 1 to the complaint included her offer letter stating her base salary was $6,500 per month at the time of hire in 2023 exclusive of commissions. (Complaint at Exhibit 1.) $6,500 multiplied by 12 months is $78,000. Thus, Plaintiff's complaint Exhibit 1 supports the jurisdictional minimum is met.

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
FP 60253358.3

F. Supp. 3d 980, 988 (C.D. Cal. 2024). Recent verdicts in employment cases demonstrate that emotional distress awards can be significant:

i.      *Andrews v. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (In connection with wrongful termination claims, two of the plaintiffs were awarded $375,000 and $225,000 for emotional distress damages).

ii.      *Silverman v. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal. Super. July 19, 2003) (jury awarded the plaintiff $151,333 for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case). *See Ontiveros v. Michaels Stores Inc.*, (C. D. Cal. Mar. 5, 2013) 2013 WL 815975, at *2 (A court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy). "[A] case may be removed unless it appears to a legal certainty that the claim *is really for less* than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) (Emphasis added). Here, Plaintiff alleges she was terminated because of her sex and in retaliation for complaining a reimbursement policy was unlawful. (Complaint at ¶¶ 30, 58.) She alleges she was harassed on the basis of her gender because she was required to "jump through hoops" to submit reimbursements while male colleagues were not. (Complaint at ¶ 26.)

24.    *Pearl v. City of L.A.*, 36 Cal. App. 5th 475, 478-479 (2019) (Jury awarded employee $17 million dollars, including $10 million in past and $5 million in future noneconomic damages, in FEHA gender harassment, discrimination, and retaliation case).

25.    *Winston v. Cnty. of L.A.*, 107 Cal. App. 5th 402, 406 (2024) (Jury awarded employee $257,000 in damages for Labor Code § 1102.5 retaliation for reporting legal violation, and trial court could also award employee's attorneys' fees request of $1,846,956 if reasonable).

26.    *Mathews v. Happy Valley Conf. Ctr. Inc.*, 43 Cal. App. 5th 236, 247 (2019) (Jury awarded employee $275,000 in noneconomic damages, $120,550 in economic damages, $1,500 as a penalty for § 1102.5 retaliation, and $500,000 in punitive damages).

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3

27.     *Nejadian v. Cnty. of L.A.*, 40 Cal. App. 5th 703, 705–06 (2019) (Jury awarded employee almost $300,000 in damages in case alleging § 1102.5 and FEHA retaliation). The court reduced award of past and future economic damages to $224,931.81. *Id.* at 718.

28.     *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal.4th 992, 1001 n.3 (1995) (Jury awarded $400,000, $183,000, and $700,000 to three female deputies for FEHA sex discrimination, hostile work environment harassment, and retaliation).

29.     Third, Plaintiff seeks to recover punitive damages as alleged in the Complaint and in the Prayer for Relief. (Complaint, ¶¶ 40, 48, 66, 74, and Prayer for Relief at ¶ (e).) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (Court may consider potential punitive damages even when plaintiffs do not expressly request them) *Simmons, supra*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (District court could consider punitive damages, as such damages were recoverable under FEHA.) Where a plaintiff alleges serious claims for a defendants' misconduct and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000. *See e.g.*, *White v. FCI USA Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (Wrongful termination and refusal to perform illegal acts).

30.     Fourth, Plaintiff seeks to recover her attorneys' fees as provided by statute. (Complaint at ¶ 41, 49, 63, Prayer for Relief at ¶ (h).) Where an underlying statute authorizes the award of attorneys' fees, as is the case here, such fees may be included in calculating the amount in controversy ("AIC"). *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992). Here, Plaintiff's causes of action under the Fair Employment and Housing Act ("FEHA") carry a prevailing party attorneys' fee provision. *See* Cal. Govt. Code § 12965(b). As courts in this district have stressed, litigating employment cases "undoubtedly" requires "substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035. Indeed, "attorneys' fees in individual discrimination cases often exceed the damages." *Id*. Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. *Id.*; *Adkins v. J.B. Hunt Transp. Inc*., 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018). Plaintiff also seeks attorneys fees pursuant to Labor Code section 1102.5.

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3

(Complaint at ¶ 63). *Winston v. Cnty. of L.A.*, 107 Cal. App. 5th 402, 406 (2024) (Discussing trial court could award employee's attorney's fees request of $1,846,956 if reasonable in litigation of § 1102.5 and FEHA claims).

31. Although Defendants deny that any award of damages is appropriate here, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Eastern District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

**VENUE**

32. This action was filed in the Superior Court of California for the County of El Dorado. Thus, venue properly lies in the United States District Court for the Eastern District of California. *See* 28 U.S.C. §§ 84(b), 1391, and 1441(a). Plaintiff also concedes that she resides in El Dorado County and her alleged injuries occurred in this district. (*See* Complaint at ¶ 4.) Thus, the Eastern District of California is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391.

**NOTICE TO STATE COURT AND PLAINTIFF**

33. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of El Dorado.

**CONCLUSION**

34. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

Dated: December 1, 2025                    FISHER & PHILLIPS LLP

                                           By: */s/ Nathan K. Low*
                                           _____
                                           Nathan K. Low
                                           Rosa Hernandez
                                           Attorneys for Defendants
                                           VOCO AMERICA INC. and LEIF EBERT

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

FP 60253358.3